```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

                                            MEMORANDUM AND ORDER
            - against -
                                            00 Cr. 1008 (NRB)
ELIJAH WILLIAMS,

                  Defendant.
-------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Presently before the Court is the <u>pro se</u> motion of Elijah Williams based upon section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), seeking a reduction of the 12 concurrent life sentences imposed upon him by this Court on August 17, 2005. Because relief under the First Step Act is unwarranted, we deny the motion in its entirety.

## BACKGROUND

In July of 2005, a jury convicted Williams of (1) two counts of racketeering; (2) three counts of murder in aid of racketeering; (3) three counts of murder while engaged in a narcotics conspiracy; (4) three counts of possession of a firearm during and in relation to murder; (5) one count of conspiracy to commit money laundering; and (6) one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine ("crack") and at least 500 grams but less than 5 kilograms of cocaine ("Count 8").

Williams received a sentence of life imprisonment for all but one of the 13 counts, to run concurrently.  For conspiracy to commit money laundering, Williams received a sentence of 10 years, also to run concurrently with the life sentences.  See Judgment & Conviction (August 18, 2005), ECF No. 197.[1]

Count 8 is the only subject of this motion.  At the time of sentencing, the mandatory minimum for Count 8 was life imprisonment, but nevertheless, the Probation Office calculated the guidelines range for the count.  This calculation was based on the then-undisputed fact that Williams and his co-conspirators distributed at least 250 kilograms of crack, as reflected in the Probation Office's Presentence Investigation Report, dated August 24, 2005 (the "PSR").  See PSR ¶¶ 31-33, 44, 74.  Probation calculated a combined adjusted offense level subtotal of 44 under the then-applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") for Count 8, derived from a base offense level of 38, plus a four-level role adjustment pursuant to U.S.S.G. § 3B1.1(a) and an additional two-level specific offense adjustment pursuant to § 2D1.1(b)(1).  Probation then applied a multiple count adjustment pursuant to § 3D1.4 for a combined adjusted offense level of 53.  PSR ¶¶ 79-87. Given Williams' Criminal History Category of VI – based on

---

[1]   The Second Circuit affirmed Williams' conviction and sentence on direct appeal.  See United States v. Williams, Nos. 05-6036, 05-6038, 05-6065, 2007 WL 3105760 (2d Cir. Oct. 23, 2007) (summary order), cert. denied, 552 U.S. 1223 (2008).

Williams' "three prior felony convictions involving drug distribution and one prior conviction for a crime of violence" – the resulting Guidelines range was life imprisonment.  PSR ¶¶ 110, 140.[2]

Williams' instant motion was filed pro se on December 11, 2019.  See ECF No. 335.  The Government responded by letter on May 1, 2020, see ECF No. 347, and Williams responded to the Government's May 1, 2020 letter on July 29, 2020.  See ECF No. 351.

## DISCUSSION

Williams' motion seeks relief under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act.  Section 3582(c)(1)(B) provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  Here, the statute relied on by Williams is the First Step Act, which makes retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.

---

[2] Williams' counsel raised no objections to the PSR save for one issue regarding the account of a prior state conviction which had no bearing on the calculation of the Guidelines range. Sentencing Tr. (Aug. 17, 2005) 3:10-21. Williams later sought relief based on a claim of ineffective assistance of counsel citing, inter alia, his counsels' failure to object to the drug quantity stated in the PSR. See Mem. and Order, July 28, 2011, ECF No. 268. The Court rejected this ground for relief noting that Williams "was facing a mandatory life sentence for his convictions for murder in aid of racketeering, and thus any objection based on drug quantity calculations would have had no impact on his sentence." Id. at 49.

3

As relevant here, section 2 of the Fair Sentencing Act increased the amount of crack required to trigger the mandatory minimum penalties set forth in 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams. As enacted, this provision of the Fair Sentencing Act was prospective only, i.e. applicable to offenders sentenced after the statute's effective date. The First Step Act allows a court that had previously imposed a sentence for a "covered offense" to "impose a reduced sentence as if section[ ] 2 . . . of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Section 404(a) defined "covered offense" to include those modified by "section 2 . . . of the Fair Sentencing Act of 2010." Significantly, the First Step Act further provides that "[n]othing in [section 404] shall be construed to require a court to reduce any sentence pursuant to this section." Id. at § 404(c).

The Government acknowledges, and the Court concurs, that Williams satisfies the procedural prerequisites for eligibility set forth in section 404(c) of the Act. The Government also acknowledges, and the Court concurs, that because the First Step Act had the effect of reducing Williams' statutory mandatory minimum sentence for Count 8 from a previous minimum of life imprisonment, he is eligible to seek a reduction in his sentence for his drug conspiracy conviction under the First Step Act.

4

See United States v. Holloway, 956 F.3d 660, 666 (2d Cir. 2020). Nevertheless, the Government argues that sentence reduction is not warranted in this case.

### i. Count 8

The Government and Williams dispute whether the Court may consider the PSR's 250 kilograms drug quantity calculation, or instead must base its sentence on the quantity found by the jury – here, "at least" 50 grams – under Apprendi v. New Jersey, 530 U.S. 466 (2000) and that case's progeny. The Government's submission in opposition to Williams' motion predated the Second Circuit's recent decision in United States v. Davis, 961 F.3d 181 (2d Cir. 2020), which clarified that a prisoner is eligible for First Step Act relief where the drug quantity threshold for the covered offense was raised, even where a judge had determined that the drug quantities at issue exceeded the new threshold. It left unresolved how a court should consider judicially determined drug quantities in calculating a revised sentence under the First Step Act. Regardless, it remains indisputable that courts are not required to grant resentencing in a case where they do not consider it warranted. This is such a case.

Considering only the 50-gram quantity expressly found by the jury, Williams still faces a statutory sentencing range of 10 years to life imprisonment. This is the applicable range

5

under 21 U.S.C. § 841(b)(1)(B) where the defendant has a prior conviction for a "serious drug felony."[3]  The statute defines "serious drug felony" as "an offense described in section 924(e)(2) of title 18 for which — (A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense."  21 U.S.C. § 802(57). Section 924(e)(2) of title 18 in turn describes a serious drug offense as, inter alia, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."

Here, the Government filed a prior felony information charging that Williams was previously convicted of, among other charges, possession with intent to deliver a controlled substance under Pennsylvania law, to wit 192 grams of crack, which crime has a maximum term of imprisonment of 10 years,[4] and for which Williams was sentenced to three to eight years, of which he served a term of three years' imprisonment.  PSR ¶¶ 20, 103.  He was released for this offense less than two years prior

---

[3] See Apprendi, 530 U.S. at 490 ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added).

[4] 35 Pa. Stat. Ann. § 780-113(f)(1.1).

to the instant drug offense. Id. ¶ 109. Williams is therefore still subject to life imprisonment under 21 U.S.C. § 841(b)(1)(B).

Further, given that Williams is a "Career Offender" within the meaning of the Guidelines, Williams' base offense level would be 37. See PSR ¶ 90; U.S.S.G. § 4B1.1(b). With a criminal history category of VI, id., Williams' recommended Guidelines sentence would be between 360 months to life imprisonment. See U.S.S.G. Ch. 5 Pt. A.

As noted earlier, irrespective of any changes in the law, the Court is specifically accorded discretion to deny resentencing under the First Step Act. Here, life imprisonment remains an appropriate sentence for Count 8. The PSR found based on the undisputed trial testimony that Williams' drug conspiracy involved at least 250 kilograms of crack – almost 900 times the amount required to meet the new mandatory minimum triggers set forth under the amended statute. PSR at 30.[5] This was in addition to the PSR's finding that Williams was an organizer and leader of his drug-distribution enterprise and

---

[5] The Davis court contemplates that the original drug quantities found by a PSR or court prior to sentencing could properly be considered in a court's exercise of its discretion to deny relief. Davis, 961 F.3d at 191 (rejecting government's argument that defendants who would otherwise have been charged with greater drug quantities, had the current statutory regime been in effect, receive an "unwarranted procedural windfall," because "[s]ection 404 relief is discretionary, after all, and a district judge may exercise that discretion to deny relief where appropriate."). See also United States v. Allen, 384 F. Supp. 3d 238, 243, n. 6 (D. Conn. 2019) (using the judicially determined drug quantity in calculating the new Guidelines ranges).

that he possessed a firearm in his drug-trafficking activities, PSR ¶¶ 75, 77,[6] and leads the Court to conclude that life imprisonment, while at the high end of the statutory range and sentencing guidelines, remains an appropriate sentence.

Finally, Williams' account of his post-conviction productivity and relative good behavior does not move the Court to alter our prior conclusion that a sentence of life imprisonment appropriately reflects the seriousness of the offenses for which Williams was convicted, which, apart from a massive narcotics scheme, included three counts of murder in relation to a narcotics conspiracy and three counts of murder in aid of racketeering.  See § 18 U.S.C. § 3553(a)(2)(A).[7]  In any event, any reduction to Williams' sentence on Count 8 would be entirely academic, as he would remain imprisoned under his 11 other life sentences, which run concurrently.

**ii.  Remaining Counts**

Williams argues that because he is eligible for First Step Act relief for his drug conspiracy count, the Court "has the authority to reduce [his] entire sentence," including sentences

---

[6]   While the Government in its submission incorrectly argues that the Court should add these enhancements after applying the offense level applicable under the Career Offender table, U.S.S.G. § 4B1.1, nothing prevents the Court from considering these enhancements in determining the appropriate sentence within the applicable guidelines.

[7]   See United States v. Rose, 379 F. Supp. 3d 223, 234 (S.D.N.Y. 2019) ("Moreover, even if consideration of § 3553(a) factors is not expressly required by the First Step Act, the Court concludes that it is appropriate to use that familiar framework to guide the exercise of discretion conferred by the First Step Act.").

rendered for non-drug related convictions.  However, this runs contrary to the language of 18 U.S.C. § 3582(c)(1)(B), which permits modification of an imposed term of imprisonment only to the extent "expressly permitted by statute."  18 U.S.C. § 3582(c)(1)(B).  Further, it is contrary to the holdings of this Court and others that the First Step Act does not "expressly permit[]" a full or plenary resentencing "carr[ying] with it all of the procedural trappings and collateral effects of the original sentencing."  United States v. Williams, No. 00 Cr. 1008 (NRB), 2019 WL 5791747, at *5 (S.D.N.Y. Oct. 17, 2019), appeal denied, Case No. 19-3637 (2d Cir. Jan. 13, 2021) (quoting Rose, 379 F. Supp. 3d at 232); see also United States v. Martinez, Case No. 04 Cr. 48-20, 2019 WL 2433660, at *3 (S.D.N.Y. June 11, 2019) ("The Court notes that nearly every other court to address the issue has also held that the First Step Act does not contemplate plenary resentencings.").  In any event, Williams provides no rationale for why this Court should reconsider his sentences for the non-drug related counts of his conviction, and this Court declines to do so.[8]  Similarly,

---

[8]   Williams argues with respect to counts five, six and seven for violent crimes in aid of racketeering that the PSR improperly referenced sentencing guidelines for first-degree murder whereas the indictment, he asserts, only supports the charge of second-degree murder.  Williams ignores the fact that regardless, the mandatory minimum sentence is life imprisonment.  18 U.S.C. § 1959(a).

Williams is not entitled to be present for a new sentencing hearing.[9]

### iii. Firearms Counts

Lastly, Williams argues that counts 12, 13 and 14 for possessing firearms in relation to violent crimes under 18 U.S.C. § 924(j) must be dismissed in light of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019).  The Court first notes that, rather than First Step Act relief, Williams appears to be seeking habeas relief under 28 U.S.C. § 2255.  The Court, however, lacks jurisdiction to consider this type of relief having already denied a prior § 2255 motion by Williams attempting to overturn his conviction. See Williams v. United States, No. 00 CR. 1008 NRB, 2011 WL 3296101 (S.D.N.Y. July 28, 2011); see also Torres v. Senkowski, 316 F.3d 147, 152 (2d Cir. 2003) (quoting Nuñez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)) ("A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing.").

Nonetheless, for Williams' guidance, we note that his arguments based on Davis entirely lack merit.  Under § 924(c) and (j), "any person who, during and in relation to any crime of

---

[9] Williams' request for appointment of counsel in connection with this motion is also denied.  There is no post-conviction right to counsel in these circumstances.  See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to only the first appeal of right[.]").

10

violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm," may be imprisoned for life if said person "causes the death of a person through use of a firearm." A "crime of violence" is defined by the statute as either (a) a felony that "has as an element the use, attempted use, or threatened use of physical force," (occasionally referred to as the "force clause"); or (b) a felony that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (occasionally referred to as the "residual clause"). 18 U.S.C. § 924(c)(3). The Court in Davis held that the residual clause was unconstitutionally vague and that § 924 convictions relying on the residual clause could not be sustained. 139 S. Ct. at 2336.

Each of Williams' § 924(j) convictions were predicated on the substantive counts of murder in aid of racketeering of three separate individuals for which the jury likewise found Williams guilty. PSR ¶¶ 15-17. There is no question that murder is a crime of violence under the force clause, which is unaffected by Davis. United States v. Sierra, 782 F. App'x 16, 20 (2d Cir. 2019) (summary order) ("[M]urder is a crime involving the use of [physical] force. . . . Accordingly, [defendant]'s convictions

11

are crimes of violence within the meaning of 18 U.S.C. § 924(c)."); United States v. Erbo, No. 08 Civ. 2881, 2020 WL 6802946, at *3 (S.D.N.Y. Nov. 19, 2020) ("[Defendant]'s contention that murder in aid of racketeering does not constitute a 'crime of violence' under Section 924(c)'s force clause must fail.").

## CONCLUSION

We conclude that Williams is not entitled to a reduction of his sentence pursuant the First Step Act. Accordingly, his motion for relief is denied in its entirety and the Clerk of Court is directed to terminate the motion pending at ECF No. 335.

**SO ORDERED.**

Dated:   New York, New York
         March 2, 2021

                                    _____
                                       NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

12

**Defendant (pro se)**
Elijah Williams

**A copy of the foregoing Memorandum and Order have been mailed to the following:**
Elijah Williams (#02152-748)
USP VICTORVILLE
U.S. PENITENTIARY
P.O. BOX 3900
ADELANTO, CA  92301